H. NORMAN SCHWARZKOPF, PROSECUTOR AND RELATOR,
v. THE STATE HOUSE COMMISSION ET AL., RESPOND-
ENTS.

Submitted May 2, 1939—Decided August 11, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *Merritt Lane.*

For the respondents, *David T. Wilentz,* attorney-general
(*Harry A. Walsh,* of counsel).

The opinion of the court was delivered by

PARKER, J. This is a *certiorari* to "a certain action of the
State House Commission rejecting the application of H. Nor-
man Schwarzkopf for retirement from the New Jersey State
Police and for a pension" of one-third of the salary and allow-
ances to which he was entitled prior to June 7th, 1936, when
he ceased to be a member of the state police by expiration of
term of service. Ancillary to the writ, there are two rules to
show cause looking toward payment of the moneys claimed,
one directed to the State House Commission, the other to the
State Treasurer. The disposition of the *certiorari* will deter-
mine that of the rules to show cause; and such disposition is
purely a matter of statutory construction, the facts being
admitted or conclusively shown.

Colonel Schwarzkopf served as superintendent of the state
police for three terms of five years each, beginning June 7th,

1921, and ending June 7th, 1936. In 1925 the legislature by statute (*Pamph. L., p.* 451) set up a pension and retirement fund for the state police; and that statute was unaltered at the expiration of prosecutor's third term in 1936. It called for creation of the fund by two per cent. deductions from pay, as usual in similar cases; and provided for voluntary retirement at three-quarters of pay and allowances by any member of the department who has served for twenty years and has reached the age of fifty years. In 1936, prosecutor was not fifty years of age and had not served twenty years; and admittedly had no status for a pension under the act of 1925. His present claim rests on an amendment of the act in 1937, being chapter 114, *Pamph. L., p.* 260, carried into the Revised Statutes of 1937 as 53:5-1 to 7, inclusive. In the amending act, section 1 follows the language of section 1 in the 1925 act down to the provision for three-quarters pay, except that instead of "any member" of the department it substitutes the words: "The superintendent, the deputy superintendent, and any other member of the department;" and this is claimed to be significant of an intent to include the prosecutor under other changes in the act. The voluntary retirement feature remains at twenty years' service and fifty years of age, as before; but two provisos are added, only the second of which requires mention. The language here relevant is: *"and provided further,* that any applicant for retirement who has reached the age of forty years and who has not less than fifteen years of credited service with the state, and who is suspended, dropped or discharged from his department, shall be eligible for retirement at one-third of his said salary and allowance, but the provisions of this section shall not apply to any member suspended or discharged for any cause or causes which bar him from reappointment." In *R. S.* 1937, 53:5-2 this proviso appears as a separate paragraph of the section, beginning with the words "any applicant for retirement." The application in this case was made on January 31st, 1938.

The sole question in the case, as we view it, is whether in 1937 the legislature, in setting up two classes eligible for voluntary retirement, the first of members still on the force,

fifty years old with twenty years of service, and the second of members suspended, dropped or discharged, after at least fifteen years' service, and aged forty or more, was dealing with those who were members at the time of the enactment or who thereafter would become members, or whether, in the second case, we are to gather from its language that it was intended to deal with a state of facts which had arisen a year before it was enacted. For it is from the language of the act and not from matters *in pais,* that the legislative intent is to be ascertained. A number of cases are cited in the briefs on this point, but we are content to rest on what was said by the Court of Errors and Appeals in *Citizens Gas Light Co.* v. *Alden,* 44 *N. J. L.* 648, 653, and by the same court in the earlier case of *Williamson* v. *New Jersey Southern Railroad Co.,* 29 *N. J. Eq.* 311, 333, 334. In the Alden case the court said: "Laws, generally, are enacted for the regulation of future affairs and conduct, and to establish the basis on which rights may thereafter under them be rested, and are not usually designed to alter or affect the quality or legal relations of past acts and concluded transactions, much less to disturb rights which have arisen under laws running concurrently with their birth. Hence we do not look for or expect in any enactment that it shall be operative as of time prior to its own existence; and before we are permitted to ascribe to it such purpose, there must be found in the law such clear and indubitable expression of the legislative design as precludes any other reasonable interpretation of the words used. The rule in the courts is, that retroactive effect will not be given to a statute when the words in it can be construed as designed to make it prospective only." And in the Williamson case, quoting from *United States* v. *Heth,* 3 *Cranch* 399-413, the court said: "The general rule is, that all statutes shall have a prospective effect only. 'Words in a statute,' says Justice Paterson, 'ought not to have a retrospective operation, unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot otherwise be satisfied. This rule ought especially to be adhered to when such a construction will alter the pre-existing situation of the parties or

will affect their antecedent rights, services or remuneration, which is so obviously improper that nothing ought to uphold and vindicate the interpretation but the unequivocal and inflexible import of the terms, and the manifest intention of the legislature.' "

In the statutory language before us we can discern no legislative intent to create a pension for a superintendent who had ceased to be such a year before. Such an intent would have been a simple matter to express. We cannot read into the language what we do not find there. The addition of the words "superintendent and deputy superintendent" appears merely intended to make it clear that they are classed with the other "members."

We conclude that the writ of *certiorari* must be dismissed, and this necessarily leads to a discharge of both rules to show cause in the *mandamus* proceedings. Any question of costs may be settled upon suitable application.